EASTERN DAKOTA ELECTRIC COMPANY, Appellant, v. KIRLIN, Register of Deeds, et al, Respondents.

(205 N. W. 33.)

(File No. 4784.  Opinion filed August 25, 1925.)

1. **Taxation—Registry Tax—Supplemental Mortgage Held Subject to Registry Tax.**

   Where supplemental mortgage was not executed or recorded to correct or perfect original mortgage, or pursuant to any covenant contained therein, nor to include additional security, it was not within specified exceptions of Laws 1919, c. 113, Sec. 6, and hence was subject to registry tax, under sections 4 and 5.

2. **Taxation—Mortgages—Where Mortgage Registration Tax Paid in One County, Mortgage May Be Recorded in Other Counties Without Paying Tax; Mortgage Tax Registry Law Not Invalid Because Not Uniform on Ground that Tax Must Be Paid in Two Counties Where Recorded.**

   Where, under Laws 1919, c. 113, mortgage has been presented in one county, and full amount of registry tax paid, and certificate thereof recorded as required by section 5, such mortgage may be recorded in other counties without payment of tax, and hence law is not invalid because it is not uniform.

3. **Taxation—Registry Tax—Mortgage Tax Registry Law Held Not to Assess Tax Lacking Uniformity.**

   A mortgage registry tax, collected under Laws 1919, c. 113, applies alike to all mortgages according to amount of security and length of time they are to run, law is not invalid for assessing tax which is not uniform.

4. **Taxation—Constitutional Law—Mortgage Registry Tax Not Invalid as Tax on Debt.**

   Mortgage registry tax, under Laws 1919, c. 113, Sec. 2, is a tax on privilege, and is so designated in Const., Art. 11. Sec. 2, and is not invalid as a tax on debt.

Appeal from Circuit Court, Codington County; HON. W. N. SKINNER, Judge.

Action by the Eastern Dakota Electric Company against O. M. Kirlin, Register of Deeds of Codington County, and others. Judgment and order for defendants, and plaintiff appeals. Affirmed.

*McFarland & Kremer,* of Watertown, for Appellant.

*Daniel K. Loucks,* State's Attorney, and *Vern G. Wohlheter,* Deputy State's Attorney, both of Watertown, for Respondents.

(1) To point one of the opinion, Respondent cited: Economy Power Co., v. Daskam (Mich.), 140 N. W. 466.

(3) To point three, Respondent cited: McKennan's Estate, 130 N. W. 33; Assessment of Oklahoma National Life Insurance Co., 173 Pac. 376, 13 A. L. R. 174.

(4) To point four, Appellant cited: State v. Alabama Fuel & Iron Co. (Ala.), 66 So. 169; L. R. A. 1915A, 185; Pocahontas Consol. Collieries Co. v. Com. (Va.), 113 Va. 108, 73 S. E. 446; Union Trust Co. v. Common Council of Detroit, 170 Mich. 692, 137 N. W. 122; Cleveland etc. R. Co. v. Commonwealth of Pennsylvania, 15 Wall. 300, 21 L. Ed. 179.

POLLEY, P. J. On the 19th day of October, 1917, plaintiff and appellant filed for record in the office of the register of deeds of Codington county an instrument designated as a "mortgage and deed of trust," herein referred to as "the original mortgage." This mortgage purports to have been executed for the purpose of securing the payment of an issue of bonds amounting to $900,000. For some reason not material here none of said bonds had been issued or sold up until the 7th day of October, 1919, when plaintiff offered for record at said register of deeds office a second instrument designated as "supplemental mortgage and deed of trust."

This instrument was almost identical with the first one, except that the amount of the bond issue provided for was $1,200,000; the name of one of the trustees was changed; the time of the issuance of the bonds was changed; the amount of bonds to be issued under certain conditions, and the time when the bonds may be called in, were changed. Much that is contained in the original mortgage is made a part of the supplemental mortgage by reference to the original mortgage.

Attached to the supplemental mortgage is an affidavit of the president and secretary of the plaintiff to the effect that bonds to the amount of $450,000 only, to be secured by said mortgage, would be issued at that time.

During the time between the filing of the original mortgage

and the offer to file the supplemental mortgage the Legislature enacted a law (chapter 113, Laws 1919) known as the Mortgage Registry Tax Law. Sections 4 and 5 of this act provide for the collection of a mortgage registry tax which is to be collected by the register of deeds when the mortgage is offered for record, and which must be paid before the mortgage is recorded.

At the time of filing the original mortgage no registry tax was required, and it is the contention of the appellant that, inasmuch as the second mortgage was supplemental only to the first, the Registry Law did not apply, except as to the difference between the amount secured by the original mortgage and the amount secured by the supplemental mortgage; in other words that it could issue bonds to the extent of $900,000 provided for by the original mortgage without being liable for the registry tax. This contention is based on the provisions of section 6 of the Registry Law. This section reads as follows:

"If subsequent to the recording of a mortgage on which all taxes, if any, accrued hereunder have been paid, a supplemental instrument or mortgage is recorded for the purpose of correcting or perfecting a recorded mortgage, or pursuant to some provision or covenant therein, or an additional mortgage is recorded imposing the lien thereof upon property not originally covered by or not described in such recorded primary mortgage for the purpose of securing the principal indebtedness or obligation which under any contingency may be secured by such recorded primary mortgage, such additional instrument or mortgage shall not be subject to taxation under this act, unless it creates or secures a new or further indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage, in which case a registry tax is imposed on such new or further indebtedness or obligation as heretofore provided in section 4 of this act, and shall be paid to the register of deeds before such instrument or additional mortgage is recorded. If no tax is due under the provisions of this section, the register of deeds shall so certify on said mortgage, which certificate shall be recorded as a part thereof."

The register of deeds, claiming that the second instrument offered for record was an entirely new and independent mortgage, refused to file and record the same until the registry tax on the

amount of the bonds that were to be issued immediately had been paid, as provided for by section 8 of said act. Plaintiff, in order to avoid delay in having said instrument recorded, paid the amount ($2,250) demanded by said register of deeds but paid it under protest, and then brought this acion against the register of deeds, the county treasurer and the county to recover said money back.

[1] We believe the register of deeds was justified, under the statute, in requiring the payment of this fee as a condition upon which the said mortgage could be recorded. There is no provision of law, except what is found in section 6, authorizing the recording of a mortgage without paying the required fee. This section specifies four cases in which the fee or tax for recording a supplemental or additional mortgage need not be paid: Where it is recorded (1) for the purpose of correcting the prior instrument; (2) for the purpose of perfecting the prior instrument; (3) when the mortgage is recorded pursuant to some provision or covenant in the prior mortgage; (4) when the additional mortgage is recorded for the purpose of including property not described in the original mortgage. The additional mortgage in this case does not come under any of these heads. It was not executed or recorded for the purpose of correcting or perfecting the original mortgage, nor pursuant to any covenant contained in the original mortgage, nor for the purpose of including additional security, and therefore was not entitled to record free of the registry tax.

[2] It is contended by appellant that the Mortgage Tax Registry Law (chapter 113, Laws 1919) is unconstitutional, because it is not uniform. Under this contention it is pointed out that a mortgage might be presented for record in two counties simultaneously and the full amount of the registry tax be collected in each county. (In this case the mortgaged property is situated in two different counties.) The statute on this point reads as follows:

"The registry tax imposed shall be paid to and collected by the register of deeds of the county where such mortgage is first presented for record, in the following manner: before said mortgage is filed for record or recorded by the register of deeds, it shall be presented to said register of deeds of said county, who

shall as one of his official duties compute and collect the registry tax due thereon as provided in this act, and he shall certify on said mortgage the amount secured thereby and the amount of tax received by him; such certificate shall be recorded by the register of deeds as a part of the record of said mortgage." Section 5.

Where the mortgage has been presented in one county and the full amount of the registry tax paid and the certificate thereof recorded as required by section 5, such mortgage may be recorded in other counties without the payment of the tax, and the payment of the tax in both counties as suggested by appellant would not be required.

[3] It is next contended that the tax is a "tax upon a security"; that the law authorizes the collection of the tax in one county for recording in another county, and for that reason it is unconstitutional; also that the tax is 10 cents per $100 for each year up to five years, after which time no additional charge shall be made; and that for these reasons the tax is not uniform. We are at a loss to understand just how the above provisions result in a lack of uniformity. The tax applies alike to all mortgages according to the amount of the security and the length of time they are to run.

[4] It is next contended that the tax in question is a tax on debt, and therefore unconstitutional. Whether a tax on a debt is unconstitutional is not the question in this case, because the tax involved is not a tax on a debt, but is a tax on a privilege. It is so designated in the Constitution. Section 2, art. 11, Const.; section 2, c. 113, Laws 1919.

In our opinion chapter 113, Laws 1919, is constitutional, and the mortgage involved in this case was subject to the payment of the registry tax as required by the register of deeds before recording the same.

The judgment and order appealed from are affirmed.

Note.—Reported in 205 N. W. 33. See, Headnote (1), American Key-Numbered Digest, Taxations, Key-No. 105½, 37 Cyc. 812; (2) Taxation, Key-Nos. 40(7), 105½, 37 Cyc. 735, 812; (3) Taxation, Key-No. 40(8), 37 Cyc. 735; (4) Taxation, Key-No. 37, 37 Cyc. 728.